UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MARIAN HATFIELD,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN TRAILS CHARTERS & TOURS LLC; WESTERN TRAILS LLC; SALT LAKE EXPRESS; and MARVIN K. GUNDERSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING SHORT FORM DISCOVERY MOTION REGARDING RULE 35 VOCATIONAL EXAMINATION OF PLAINTIFF BY DR. MORTIMER (DOC. NO. 26)**<br><br>Case No. 2:20-cv-00435-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is the Short Form Discovery Motion Regarding Rule 35 Vocational Examination of Plaintiff by Dr. Mortimer ("Mot.," Doc. No. 26), filed by Defendants Western Trails Charters & Tours, LLC; Western Trails, LLC; Salt Lake Express; and Marvin K. Gunderson (collectively, the "Western Trails Defendants"). The Western Trails Defendants seek an order requiring Plaintiff Marian Hatfield to submit to a vocational examination under Rule 35 of the Federal Rules of Civil Procedure. The court has considered the parties' briefing and arguments at the April 14, 2021 hearing, (Doc. No. 33), as well as the joint supplemental briefing submitted after the hearing, (Doc. No. 36). For the reasons stated at the hearing and set forth below, the court GRANTS the motion for a vocational examination (Doc. No. 26), subject to the limitations described in this order.

Under Rule 35, the party seeking the examination must show that "the mental or physical condition" of the party who is to be examined "is in controversy," and that there is "good cause" for the examination. *Herrera v. Lufkin Indus.*, 474 F.3d 675, 689 (10th Cir. 2007) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964)); *see also* Fed. R. Civ. P. 35(a). These

requirements "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf*, 379 U.S. at 118. "The ability of the movant to obtain the desired information by other means is also relevant." *Id.* Nevertheless, the Supreme Court has explained:

> "[T]here are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."

*Id.* at 119 (citation omitted). Additionally, Rule 35 requires the examiner to be "suitably licensed or certified." Fed. R. Civ. P. 35(a)(1). Finally, an order under Rule 35 "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

In this action, Ms. Hatfield alleges she is permanently disabled and unable to work as a result of injuries sustained in a car accident caused by Defendants' negligence, and she seeks damages for past and future lost wages. (Compl. ¶¶ 29–31, Doc. No. 2-1.) In the instant motion, the Western Trails Defendants argue Mr. Hatfield's ability to work is in controversy based on her allegations and claims, and they assert good cause exists to require Ms. Hatfield to submit to a vocational examination consisting of an interview and testing. (Mot. 1–3, Doc. No. 26.)

Ms. Hatfield opposes the vocational examination, arguing (1) her vocational ability is not in controversy because one of the defendants testified it did not have a position on her disability claim in its Rule 30(b)(6) deposition and because she was adjudicated disabled by the Social Security Administration; (2) where she has already submitted to a physical examination, a mental

2

examination, and a deposition in this case, a third examination is unnecessary and not proportional to the needs of the case; (3) the interview portion is an "unrepresented deposition" regarding topics already covered by Ms. Hatfield's deposition and other discovery; (4) Dr. Mortimer is not qualified to perform the examination; and (5) the motion does not adequately define the manner, conditions, or scope of the examination. (Pl.'s Opp'n to Short form Disc. Mot.: Rule 35 Exam by Dr. Mortimer ("Opp'n") 1–3, Doc. No. 28.)

Ms. Hatfield has placed her vocational abilities in controversy in this action by alleging she is permanently disabled and unable to work as a result of the accident, and by asserting a claim for lost wages. (*See* Compl. ¶¶ 29–31, Doc. No. 2-1.) Ms. Hatfield also indicated at the hearing she intended to rely on her own expert's testimony in support of these claims. Numerous district courts in the Tenth Circuit have permitted a vocational examination under Rule 35 where the plaintiff in a personal injury case alleged permanent disability or lost earning capacity, particularly where the plaintiff relied on her own expert on this issue. *See, e.g.*, *Wegner v. Dahlquist*, No. 14-cv-01623-PAB-NYW, 2015 U.S. Dist. LEXIS 91309, at *6–7 (D. Colo. July 13, 2015) (unpublished); *Schaeffer v. Sequoyah Trading & Transp.*, 273 F.R.D. 662, 663 (D. Kan. 2011); *Prager v. Campbell County Mem. Hosp.*, No. 10-CV-202-J, 2011 U.S. Dist. LEXIS 160588, at *7 (D. Wyo. May 18, 2011) (unpublished); *Merce v. Greenwood*, No. 2:04-cv-00610, 2006 U.S. Dist. LEXIS 109282, at *5–10 (D. Utah Mar. 28, 2006) (unpublished). Because Ms. Hatfield makes similar allegations here, her vocational abilities are in controversy for purposes of Rule 35.

Ms. Hatfield's arguments regarding the impact of the 30(b)(6) deposition testimony and the social security adjudication are not persuasive. First, the court previously ruled the defendants were not required to testify regarding Ms. Hatfield's claim of disability in a 30(b)(6)

deposition and could, instead, rely on expert testimony on this issue. (*See* Order Granting in Part and Den. in Part Short Form Disc. Mot. for Protective Order, Doc. No. 21.) At the hearing, the Western Trails Defendants confirmed—and Ms. Hatfield did not dispute—this is precisely what occurred. Second, Ms. Hatfield has cited no authority to support her position that a disability determination in a social security proceeding is determinative of her claim of permanent disability in this case. The Western Trails Defendants were not a party to that proceeding, and it has no res judicata affect here. Thus, the "in controversy" requirement of Rule 35 is met, notwithstanding the 30(b)(6) testimony and the prior social security adjudication.

The "good cause" requirement is also met as to the testing portion of the vocational examination. The motion indicates this portion may include a clerical skills test, career aptitude test, career interest test, and dexterity test, (Mot. 3, Doc. No. 26), and the Western Trails Defendants confirmed at the hearing these are standardized tests. Although Ms. Hatfield has previously submitted to physical and mental examinations, the Western Trails Defendants have shown the testing component of the vocational assessment is different than the prior examinations and would provide information which cannot be obtained by other means. *See Van Sice v. Oldcastle Glass, Inc.*, No. 03-BB-114 (PAC), 2005 U.S. Dist. LEXIS 550, at *5 (D. Colo. Jan. 10, 2005) (unpublished) ("Numerous examinations may be required where varied injuries in several branches of medical science are claimed, requiring review and testimony by specialists in each of the several branches."). Accordingly, the Western Trails Defendants have demonstrated good cause to allow vocational testing in addition to the prior examinations.

However, the "good cause" requirement is met for the interview portion of the vocational examination only insofar as it is not duplicative of information available from Ms. Hatfield's

4

deposition, medical records, and other discovery.  The motion describes the interview portion as covering "basic demographics, education, employment history, skills and other certifications, and a review of medical status of symptomology."  (Mot. 2–3, Doc. No. 26.)  To the extent this information is available through other sources, including Ms. Hatfield's deposition and medical records, revisiting these topics without the benefit of a record or counsel is duplicative and disproportionate to the needs of the case.  Accordingly, the vocational examiner may only conduct an interview limited to follow-up questions regarding vocational information which is not available from other sources.  At the hearing and in their joint supplemental brief, the parties agreed the interview may be recorded to ensure it stays within these parameters.  (*See* Suppl. Brief and Stipulated Proposed Order ("Suppl."), Doc. Nos. 36 & 36-1.)

With these limitations, the vocational examination is proportional to the needs of the case.  Ms. Hatfield argues the total number of hours already spent on the prior Rule 35 examinations and her deposition exceeds the presumptive seven-hour time limit for depositions in Rule 30(d)(1).  (Opp'n 2, Doc. No. 28.)  However, Rule 35 examinations are not depositions, and the time limits in Rule 30 are inapplicable.  Given Ms. Hatfield's claims regarding disability and lost earning capacity, a vocational examination, in addition to the prior examinations, is proportional to the needs of the case.  At the hearing, the parties were ordered to confer regarding a reasonable time limit for the examination, and they jointly submitted a proposed time limit which is adopted below.  (*See* Suppl., Doc. Nos. 36 & 36-1.)

The Western Trails Defendants have also shown the examiner, Dr. Mortimer, is "suitably licensed or certified" as required under Rule 35.  Dr. Mortimer's curriculum vitae ("CV") reveals she is a certified vocational evaluator and rehabilitation counselor, has performed more

than 300 evaluations, has served as an expert on this issue in other court cases and administrative cases, has advanced degrees in this area, and has published on this topic. (Ex. A to Mot., CV, Doc. No. 26-1.) Ms. Hatfield argues Dr. Mortimer is not qualified because she is not licensed to practice vocational rehabilitation counseling in Utah under Utah Code section 58-78-301, nor is she licensed in any other state. (Opp'n 3, Doc. No. 28.) However, Ms. Hatfield has not cited any authority supporting her position that Utah's licensure requirements apply to expert witnesses in federal court,[1] or that state licensure is required in order to perform a Rule 35 examination. Based on her CV, Dr. Mortimer's qualifications are sufficient to meet the requirements of Rule 35. *See Bingham v. Adobe Equip. Holdings*, No. 08-CV-56-D, 2008 U.S. Dist. LEXIS 135243, at *6 (D. Wyo. Sept. 24, 2008) (unpublished) (finding a vocational expert with similar qualifications met the requirements of Rule 35).

At the hearing, the court ordered the parties to meet and confer and submit additional briefing regarding the details of the examination, including the date, location, and timeframe. The parties submitted a joint supplemental brief and stipulated proposed order regarding these issues and other details of the examination. (*See* Suppl., Doc. Nos. 36 & 36-1.) The motion and the supplemental briefing adequately describe the "time, place, manner, conditions, and scope of the examination," and the parties' joint proposals on these issues are incorporated into the order below. *See* Fed. R. Civ. P. 35(a)(2)(B).

For these reasons, the court ORDERS as follows:

1. The Western Trails Defendants' motion for a vocational examination (Doc. No. 26) is GRANTED, subject to the limitations described in this order.

---

[1] Indeed, the Utah Supreme Court has held that Utah's medical licensing requirements do not apply to medical experts in a legal proceeding. *See Carbaugh v. Asbestos Corp.*, 2007 UT 65, ¶¶ 10–11, 167 P.3d 1063 (analyzing Utah Code section 58-67-305).

2. Ms. Hatfield shall submit to a vocational examination by Behnush B. Mortimer, Ph.D., CRC, CVE, at the offices of Christensen & Jensen. P.C. located at 257 East 200 South, Suite 1100, Salt Lake City, Utah 84111.

3. The examination shall take place on May 18, 2021, commencing at 8:30 a.m. until approximately 2:30 p.m.

4. The evaluation will involve an assessment of Ms. Hatfield's future employability and access to the labor market. The evaluation will consist of a personal interview by Dr. Mortimer, followed by the administration of a combination of standardized pen and paper tests and performance-based dexterity and work sample tests. The tests administered may include measures of the following cognitive abilities and/or aptitudes: reasoning, reading, comprehension, vocabulary, math, spatial, perceptual, mechanical, manual and finger dexterity, motor coordination, personality, vocational interests, etc. Dr. Mortimer will determine the combination of tests to be administered to Ms. Hatfield based on Ms. Hatfield's formal education, previous work history, vocational goals, and any existing medical/physical restrictions. The evaluation is typically completed in one day and takes up to six hours depending on the individual.

5. Dr. Mortimer will limit the interview portion of the test to information that is not contained in the medical records or Ms. Hatfield's deposition.

6. The interview portion of the test may be audio recorded.

7. No third-party observer is allowed to be present during the examination. This includes, but is not limited to: Ms. Hatfield's counsel, family members, friends, and acquaintances.

8. The Western Trails Defendants shall produce Dr. Mortimer's report within sixty days after the examination.

DATED this 30th day of April, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge
