

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MARIAN HATFIELD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN TRAILS CHARTERS & TOURS LLC, WESTERN TRAILS, LLC; SALT LAKE EXPRESS; and MARVIN K. GUNDERSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND COMPLAINT (DOC. NO. 27)**<br><br>Case No. 2:20-cv-00435-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Marian Hatfield's Motion to Amend Complaint ("Mot.," Doc. No. 27).[1] Ms. Hatfield seeks to amend her complaint to add a claim for reckless endangerment and to seek punitive damages. (*Id.* at 2.) Defendants Western Trails Charters & Tours, LLC; Western Trails, LLC; Salt Lake Express; and Marvin K. Gunderson (collectively, the "Western Trails Defendants") oppose the motion to amend. (Defs.' Opp'n to Pl. Marian Hatfield's Mot. to Am. Compl. ("Opp'n"), Doc. No. 37.) The court held a hearing on the motion on May 10, 2021. (Doc. No. 42.) For the reasons stated at the hearing and set forth below, the court GRANTS the motion to amend.

---

[1] The court previously entered an order granting this motion on April 13, 2021, after no opposition to the motion was filed. (Order Granting Mot. to Am. Compl., Doc. No. 32.) Thereafter, the parties filed a stipulated motion to vacate the order, indicating they had agreed to an extension of the opposition deadline. (Stipulated Mot. to Vacate Court's Order Granting Pl.'s Mot. to Am., Doc. No. 34.) Based on the parties' stipulation, the court vacated the prior order, reopened the motion to amend, and permitted Defendants to file an opposition. (Order Granting Stipulated Mot. to Vacate Court's Order Granting Pl.'s Mot. to Am., Doc. No. 35.)

1

## BACKGROUND

Ms. Hatfield filed this personal injury action against the Western Trails Defendants in state court on June 3, 2020, alleging she was injured when her vehicle was rear-ended by a van driven by Defendant Marvin Gunderson, an employee of the entity defendants. (Compl. ¶¶ 22–24, Doc. No. 2-1.) Her complaint asserts a single claim for negligence against the Western Trails Defendants. (*Id.* ¶¶ 25–31.) The case was removed to federal court on June 23, 2020. (Notice of Removal, Doc. No. 2.) Under the scheduling order, the deadline to file a motion to amend pleadings was October 30, 2020. (Scheduling Order 2, Doc. No. 14.) Ms. Hatfield filed her motion to amend on March 24, 2021. (Mot., Doc. No. 27.) The parties are currently undertaking discovery, with fact discovery set to close on June 1, 2021. (Am. Scheduling Order 1, Doc. No. 23.)

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, after expiration of the time in which a pleading may be amended as a matter of course, a party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id*. A district court's decision to grant or deny leave to amend under Rule 15 falls within its discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Courts may deny leave to amend "only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'" *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Prejudice to the opposing party is the "most important" factor

in deciding whether to allow leave to amend. *Minter*, 451 F.3d at 1207.

The purpose of this approach is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id.* (internal quotation marks omitted). "If the underlying facts or circumstances relied upon [by the party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* (internal quotation marks omitted).

In addition to satisfying the Rule 15(a) standard, a party seeking leave to amend pleadings after the deadline in the scheduling order has passed must also demonstrate good cause to modify the scheduling order under Rule 16(b)(4) of the Federal Rules of Civil Procedure. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014); *see also* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent").

DISCUSSION

Ms. Hatfield argues good cause exists to amend the complaint after the deadline based on newly discovered information regarding Mr. Gunderson's cell phone use before the accident. (Mot. 6–7, Doc. No. 27.) On March 20, 2021, Ms. Hatfield learned of new, anticipated testimony from a witness to the accident, Kyle Chaffin. Apparently, Mr. Chaffin indicated he observed Mr. Gunderson holding a cell phone and looking down at his cell phone while driving, for approximately two blocks before the accident. (*Id.* at 3–4.) Ms. Hatfield learned this information through a chance encounter with Mr. Chaffin in an Uber ride-hailing vehicle. (*Id.* at 4.) Ms. Hatfield also notes Mr. Gunderson admitted in his February 2021 deposition to listening to radio streamed through his cell phone at the time of the accident. (*Id.* at 2.) Ms. Hatfield contends Mr. Chaffin's observations and the other, new evidence regarding cell phone use

3

support a claim for reckless endangerment and punitive damages. She maintains she timely moved to amend four days after learning this new information. (*Id.* at 6–7.)

The Western Trails Defendants argue Ms. Hatfield cannot show good cause under Rule 16 for an amendment after the deadline because Mr. Chaffin's identity as a witness has been known since the time of the accident. (Opp'n 5–6, Doc. No. 37.) They also assert leave to amend should be denied under Rule 15 based on undue prejudice and futility. (*Id.* at 8–11.)

### A. Good Cause Under Rule 16

To demonstrate good cause under Rule 16, a party must show the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch*, 771 F.3d at 1240 (alteration in original) (internal quotation marks omitted). A movant can satisfy this good cause requirement if, for example, she "learns new information through discovery or if the underlying law has changed." *Id.* However, if a party "knew of the underlying conduct but simply failed to raise [her] claims" earlier, she cannot establish "good cause" under Rule 16. *Id.*

The Western Trails Defendants argue Ms. Hatfield was not diligent in pursuing discovery regarding Mr. Chaffin's observations and Mr. Gunderson's cell phone use before the amendment deadline. (Opp'n 5–6, Doc. No. 37.) They note Mr. Chaffin gave a statement to police on the day of the accident in 2016, and he was listed as a witness in their initial disclosures before the amendment deadline. (*Id.* at 6.) They also point out Ms. Hatfield did not serve written discovery requests regarding Mr. Gunderson's cell phone use until after the amendment deadline. (*Id.* at 6–7.) Finally, they argued at the hearing that several new allegations supporting the reckless endangerment claim are not based on Mr. Chaffin's anticipated testimony but, rather, on information known to Ms. Hatfield earlier in the case. Specifically, they pointed to the allegations that Mr. Gunderson was driving too fast for conditions, driving with obstructed

4

vision, and submitted materially false driving logs. (*See* Proposed Am. Compl. ¶ 34.)

Ms. Hatfield argues Mr. Chaffin's importance as a witness was not readily apparent earlier in the case because his brief police statement did not mention his observations regarding Mr. Gunderson's cell phone use. (Pl.'s Reply in Support of Her Mot. to Am. Compl. ("Reply") 3, Doc. No. 39; *see also* Ex. A to Opp'n, Police Report, Doc. No. 37-1 at 19.) She notes fact discovery was still open when she learned of Mr. Chaffin's additional observations, and she asserts she was diligent in investigating his testimony and moving to amend soon after learning this new information. (Reply 3–4, Doc. No. 39.)

Ms. Hatfield has demonstrated good cause under Rule 16 to allow an amendment after the deadline. Her proposed amendment is based primarily on new information from Mr. Chaffin which she learned of on March 20, 2021—after the amendment deadline but well before fact discovery expired. Although Mr. Chaffin's identity as a witness was known earlier, his brief police statement did not make clear the extent of his knowledge and observations. Ms. Hatfield was not required to fully investigate every witness before the October 2020 amendment deadline, while there were still many months left in the fact discovery period. Indeed, this might not have been possible. It was certainly reasonable for her to prioritize her focus based on what she knew about each witness at the time. Ms. Hatfield was reasonably diligent in pursuing discovery regarding Mr. Chaffin, and she moved to amend only four days after learning of the new information supporting her proposed amendment. Under these circumstances, good cause exists to modify the amendment deadline.

The fact that some of the new allegations in the proposed amended complaint are based on information previously known to Ms. Hatfield does not render the amendment untimely. Where newly discovered information provided the basis to add a new claim, Ms. Hatfield is

permitted to include other supporting details as well, even if not every detail is based on new information.

### B. Leave to Amend Under Rule 15

Turning to Rule 15(a)(2), none of the factors justifying denial of leave to amend are present here.

*1. Undue Delay*

For the reasons discussed above, Ms. Hatfield did not unduly delay in moving to amend the complaint. The case was filed less than a year ago, fact discovery remains ongoing, and she promptly filed her motion four days after learning of new information supporting an amendment.

*2. Undue Prejudice*

The Western Trails Defendants argue the proposed amendment is unduly prejudicial because depositions and written discovery have been completed and less than sixty days remain in the fact discovery period, leaving little time for discovery to refute the new claims. (Opp'n 8, Doc. No. 37.) At the hearing, they also argued they would have litigated the negligence claim differently had they known Ms. Hatfield would add a claim for reckless endangerment and seek punitive damages. Specifically, they argued they would have hired an accident reconstruction expert and would not have admitted fault in response to one of Ms. Hatfield's requests for admission, because the differing legal standards would have led to a different risk-benefit calculation on these issues.

The potential prejudice identified by the Western Trails Defendants can be mitigated such that it is not "undue." First, to the extent additional discovery is needed on the new claims, discovery deadlines may be extended and depositions may be reopened, as appropriate. The Western Trails Defendants do not assert they would be prejudiced by an extension of discovery

deadlines for this purpose. Likewise, no expert discovery deadlines have passed, and the Western Trails Defendants may still hire an accident reconstruction expert or any other experts deemed necessary to defend against Ms. Hatfield's claims. Second, the Western Trails Defendants may move to withdraw their prior admission of fault based on a change of circumstances. Indeed, Ms. Hatfield's counsel stipulated at the hearing to allowing them to do so. Under these circumstances, any potential undue prejudice can be mitigated and does not justify denial of leave to amend.

To this end, the parties are directed to meet and confer regarding amendments to the case schedule, reopening prior discovery, and withdrawal of the prior admission of fault. The court expects to Ms. Hatfield to treat requests by the Western Trails Defendants on these issues liberally in light of this order. If disputes remain after meaningful conferrals, the parties may bring the disputed issues before the court.

   3. *Futility*

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (internal quotation marks omitted).

The Western Trails Defendants argue the proposed amendment is futile because (1) Mr. Chaffin's anticipated testimony is inconsistent with his prior police statement and contradicted by video evidence showing Mr. Gunderson was not looking at his cell phone in the ten seconds before the accident; (2) an allegation that Mr. Gunderson was listening to the radio is insufficient to support a claim for reckless endangerment or punitive damages; and (3) under Utah law, using a cell phone to operate hands-free or voice-operated technology while driving is not prohibited and is not reckless. (Opp'n 8–11, Doc. No. 37.) The Western Trails Defendants urge the court

7

to deem the proposed amendment futile if it would not survive a motion for summary judgment, citing *Bauchman v. West High School*, 132 F.3d 542 (10th Cir. 1997). (Opp'n 8–9, Doc. No. 37.)

Ms. Hatfield responds that futility should be determined based on whether the proposed amendment states a claim, not whether it would survive summary judgment. (Reply 5, Doc. No. 39.) She argues Mr. Chaffin's testimony addressed the time period before the video and was not contradicted by the video or his prior police statement. (*Id.* at 7.) She also asserts her new claims are supported by allegations other than listening to the radio or using hands-free or voice-operated technology. (*Id.* at 6–7.)

Although *Bauchman* permitted a court to deny leave to amend based on a finding that the proposed amendment would not survive summary judgment, nothing in the opinion *requires* a court to determine futility based on summary judgment standards. *See Bauchman*, 132 F.3d at 561–62 (affirming court's denial of leave to amend after the close of discovery where the relevant undisputed facts would subject the proposed amendment to dismissal on summary judgment). Indeed, the Tenth Circuit has routinely analyzed futility based on whether a proposed amendment would survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See, e.g.*, *Bauer v. City & Cnty. of Denver*, 642 F. App'x 920, 925 (10th Cir. 2016) (unpublished) ("[T]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." (quoting *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999)); *Anderson*, 499 F.3d at 1238.

Based on the procedural posture of the case, the Rule 12(b)(6) standard is more appropriate here. Fact discovery remains ongoing, and Ms. Hatfield has not had a full opportunity to investigate and marshal evidence supporting her new claims. Indeed, Mr.

Chaffin's deposition transcript was not yet available at the time the motion to amend was briefed, meaning Ms. Hatfield could not submit his testimony in opposition to the Western Trails Defendants' futility arguments. Additionally, unlike in *Bachman*, the court cannot conclude at this stage that the facts relevant to the proposed amendment are undisputed. *Cf. Bachman*, 132 F.3d at 558, 561–62 (affirming court's denial of leave to amend after the close of discovery where the relevant undisputed facts would subject the proposed amendment to dismissal on summary judgment). To the contrary, Ms. Hatfield's representations regarding Mr. Chaffin's anticipated testimony indicate the facts are disputed.

The Western Trails Defendants' arguments challenging Mr. Chaffin's anticipated testimony go to the weight and sufficiency of the evidence supporting the proposed amended claims. While these arguments may be appropriate for summary judgment motions or trial, they will not be considered in determining whether the proposed amendment states a claim for relief. At this stage, only the allegations in the proposed amended complaint are considered.

The Western Trails Defendants' only arguments regarding the sufficiency of the allegations are that using a cell phone to listen to the radio or operate hands-free technology do not support a claim for reckless endangerment or punitive damages. (Opp'n 10–11, Doc. No. 37.) However, Ms. Hatfield's new claims are not based solely on allegations regarding listening to the radio or operating hands-free technology; indeed, these specific allegations do not even appear in the proposed amended complaint. (*See* Proposed Am. Compl., Doc. No. 27-1.) Instead, the proposed amended complaint alleges Mr. Gunderson was driving recklessly in a number of different ways, including driving too fast for conditions; driving while distracted; holding, using, and looking at his cell phone; and driving with obstructed vision, among other things. (*Id.* ¶¶ 17, 34.) The Western Trails Defendants do not address these other allegations,

and they have not shown the proposed amended complaint would be subject to dismissal for failure to state a claim.

For these reasons, the proposed amended complaint is not futile.

4. *Other Factors*

None of the other reasons for denying leave to amend apply here. The Western Trails Defendants do not allege bad faith or dilatory motive by Ms. Hatfield in seeking leave to amend. And because this is her first motion to amend, she has not failed to cure deficiencies in any prior amendments. Accordingly, leave to amend should be granted under Rule 15(a)(2).

## CONCLUSION

For the reasons set forth above, the court GRANTS the motion to amend (Doc. No. 27). Ms. Hatfield shall file the Amended Complaint in the form found at Doc. No. 27-1 by May 17, 2021. Once filed on the docket, the Amended Complaint will be the operative pleading in this case.

DATED this 13th day of May, 2021.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge